FILED
2025 OCT 14 PM 4:01
CLERK
U.S. DISTRICT COURT

Steven W. James
1239 W 700 S
Salt Lake City, UT 84104
(412) 719-4497
stevenwardjames@gmail.com
Pro se Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
*FOR THE DISTRICT OF UTAH*

| | | |
|---|---|---|
| STEVEN WARD JAMES<br>Plaintiff,<br><br>vs.<br><br>ZIONS BANCORPORATION, N.A. D/B/A ZIONS BANK<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action #: 2:25-cv-00031<br>District Judge: Howard C. Nielsen, Jr.<br>Magistrate Judge: Dustin B. Pead<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## I. INTRODUCTION

1. This civil action seeks injunctive, declaratory and ancillary relief to remedy discrimination and retaliation arising from Defendant's refusal to provide reasonable modification(s) and its use of screening criteria that excluded Plaintiff—a person with comorbid psychiatric disabilities—from equal access to in-branch consumer banking services. The controversy centers on a straightforward sequence: (a) escalation, (b) inquiry regarding types of ADA accommodations for mental health, (c) preemptive denial (d) ongoing deterrence.

2. Defendant is a "public accommodation," including as a bank and "other service establishment," within the meaning of 42 U.S.C. § 12181(7)(F). Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–89; § 504 of the Rehabilitation Act ("§504"), 29 U.S.C. § 794; and retaliation under ADA Title V, 42 U.S.C. § 12203.

3. Plaintiff seeks a narrow injunction requiring policy modification(s) and staff-training sufficient to prevent recurrence; declaratory relief; monitoring/reporting for a limited term; fees and costs; and, under § 504 only, compensatory damages of an economic/equitable nature consistent with *Cummings v. Premier Rehab Keller, P.L.L.C.,* 596 U.S. 212 (2022).

## II. JURISDICTION AND VENUE

4. Federal-question jurisdiction exists under 28 U.S.C. §§ 1331, 1343(a)(3)–(4). Declaratory relief is authorized by 28 U.S.C. §§ 2201–02.

5. Venue is proper in this District under 28 U.S.C. § 1391(b), because the events and omissions occurred at Defendant's Seventh East branch in Salt Lake City, Utah, and Defendant conducts business here.

## III. PARTIES

6. Plaintiff, Steven Ward James, is an individual residing in Salt Lake City, Utah. Plaintiff has psychiatric and neurodevelopmental disabilities—including (a) Bipolar-I Disorder, (b) Complex Post-Traumatic Stress Disorder, (c) Autism Spectrum Disorder, (d) Attention-Deficit/Hyperactivity Disorder and (e) Generalized Anxiety Disorder—that substantially limit major life activities such as thinking, concentrating, communicating, emotional regulation and interacting with others. Plaintiff is an individual with a disability under the ADA as amended under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

7. Defendant, Zions Bancorporation, N.A. ("Zions Bank"), is a national banking association operating public-facing consumer branches in Utah and throughout the region, including the Seventh East branch at issue. It qualifies as a public accommodation under 42

U.S.C. § 12181(7) and, according to publicly available Treasury records and Defendant's own SEC filings, has received Federal financial assistance within the meaning of 29 U.S.C. § 794 and 45 C.F.R. § 84.10 (Definitions), as reflected in public Treasury and SBA records and Defendant's own SEC filings, including capital under the U.S. Treasury's TARP Capital Purchase Program (2008–2012) and processing-fee payments through the Small Business Administration's Paycheck Protection Program (2020–2021). Defendant also remains FDIC-insured (Cert. #2270), reflecting continuous federal involvement in its consumer-banking operations.

## IV. FACTUAL ALLEGATIONS

8. On November 5, 2024, Plaintiff entered Zions Bank's Seventh East branch to withdraw $50 from his account, providing digital identification.

9. Zions refused to complete the transaction, asserting a branch policy requiring physical ID.

10. When branch manager Wendy Andrade was summoned, her tone and manner escalated the interaction. Plaintiff, recognizing the onset of a disability-related episode, paused to ask what mental-health accommodations Zions Bank provides under the ADA, so that he could request a disability-related need for de-escalation. For purposes of this Complaint, "de-escalation accommodation" means a short, low-cost procedural modification—such as a brief pause, calm tone or, if feasible, conversation in a quieter space—to allow self-regulation before continuing the interaction.

11. Before Plaintiff could describe the needed de-escalatory accommodation, Ms. Andrade replied, "We don't do that," and added that all available accommodations are listed on the bank's website and relate only to physical disabilities. Plaintiff attempted to explain the brief steps that would help, but Ms. Andrade interrupted and refused any further discussion, stating the

bank provides no mental-health accommodations and ending the interactive process before it began.

12. Ms. Andrade then threatened to close Plaintiff's account. The refusal and accompanying threat ended the interaction and denied Plaintiff an equal opportunity to engage in a proper, professional conversation about receiving services.

13. Plaintiff exited the bank, got in his car and located a valid temporary paper driver's license, but in light of the interaction and threat, did not return to re-enter a heightened situation for fear of exacerbation of the symptoms of his disabilities.

14. Plaintiff promptly filed a complaint with Zions' Office of the President. Zions did not provide policy-level relief or assurances sufficient to restore equal, non-deterrent access.

15. This created an ongoing deterrence and chilled his intent to return to the bank. Plaintiff remains deterred by the known policy and the prior threat.

16. On information and belief, Zions maintains a policy or practice that fails to provide case-by-case reasonable modifications for mental-health disabilities, and that resulted in staff escalating this interaction rather than offering a brief, no-cost de-escalation measure that would have avoided exclusion and an episodic encounter for Plaintiff.

17. Plaintiff lost the use/benefit of ordinary, equal banking services and has had to divert resources to secure prospective relief.

## V. STANDING, MOOTNESS & REMEDY

18. Plaintiff has suffered a concrete injury-in-fact—loss of equal access and resulting deterrence—traceable to Defendant's refusal to consider disability-related accommodations. The injury is redressable by an injunction requiring workable policy modifications and staff training. Plaintiff intends to return to the Seventh East branch within 60 days after implementation of a

de-escalation policy and training program and remains deterred until then, using other banks only out of necessity.

19. Zions has not carried the "voluntary cessation" burden to make it "absolutely clear" the challenged conduct will not recur; no binding policy change has been communicated to Plaintiff, and the Seventh East branch has not implemented the requested procedural accommodation(s).

## VI. CLAIMS FOR RELIEF

***<u>Count I — ADA Title III (Public Accommodations: Discrimination)</u>***

*(42 U.S.C. §§ 12181–89; 42 U.S.C. § 12182(b)(2)(A)(i)–(ii); 28 C.F.R. pt. 36)*

20. Plaintiff incorporates ¶¶ 1–17.

21. Defendant is a public accommodation (a bank and "other service establishment") under 42 U.S.C. § 12181(7). Title III prohibits discrimination in the full and equal enjoyment of Defendant's goods, services and facilities, including by:

(a) Imposing eligibility criteria that screen out or tend to screen out individuals with disabilities unless necessary for the safe operation of the business. § 12182(b)(2)(A)(i).

(b) Failing to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford goods and services to individuals with disabilities, unless Defendant demonstrates the modification would fundamentally alter the nature of the goods or services. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302.

22. Plaintiff attempted to request a modest modification in communication, but was immediately denied the opportunity by Ms. Andrade. The accommodation would have been reasonable, no-cost and did not fundamentally alter banking services or increase material risk.

23. Defendant refused to reasonably modify its policy and engaged in escalation culminating in a threat to close Plaintiff's account, thereby denying equal access and deterring future use. The escalation and denial occurred immediately after Plaintiff requested a mental-health accommodation, making the causal inference between the request and exclusion..

24. Any safety or fraud-prevention justification must rest on actual risks, be individualized and be supported by evidence—not on stereotypes, generalized fears or blanket rules. Defendant neither conducted an individualized assessment nor offered evidence-based alternatives.

25. Plaintiff seeks injunctive and declaratory relief, policy changes, staff-training, and statutory fees and costs under 42 U.S.C. § 12205.

***Count II — Rehabilitation Act § 504 (Disability Discrimination)***
*(29 U.S.C. § 794; 45 C.F.R. pt. 84)*

26. Plaintiff incorporates ¶¶ 1–23.

27. According to publicly available Treasury and SBA records, Zions Bancorporation received approximately $1.4 billion in direct capital from the U.S. Treasury under the TARP Capital Purchase Program (2008–2012), and, according to its own SEC filings, hundreds of millions in non-repayable processing-fee reimbursements for Paycheck Protection Program loans (2020–2021). On information and belief, these federal capital infusions and subsidies—together with Defendant's continuous FDIC-insured status (Cert. #2270)—constitute 'Federal financial assistance' within the meaning of 45 C.F.R. § 84.10 (Definitions) and consistent with Plaintiff's research and public agency records …

28. By reason of—and/or solely by reason of—Plaintiff's disability, Zions Bank excluded him from participation in, denied him the benefits of, and subjected him to

discrimination under a federally assisted program or activity, including via refusal to even hear Plaintiff's required reasonable policy modifications.

29. After notice (including complaint to Zions' Office of the President), Defendant was on notice of potential ADA and § 504 violations and failed to act to correct them. Plaintiff seeks compensatory damages under § 504 measured by economic/equitable losses, not emotional-distress damages.

30. Plaintiff also seeks injunctive and declaratory relief, together with fees and costs.

***Count III — ADA Title V Retaliation***

*(42 U.S.C. § 12203)*

31. Plaintiff incorporates ¶¶ 1–28.

32. Plaintiff engaged in protected activity when he inquired about disability-related Title III accommodation offered by Zions Bank.

33. Defendant retaliated against Plaintiff by escalating the interaction and threatening to close his account immediately after he inquired about available mental-health accommodations. The temporal and causal sequence makes clear that the adverse action occurred because of the protected activity, causing loss of equal service and ongoing deterrence that would dissuade a reasonable person from exercising ADA rights.

34. Plaintiff seeks injunctive relief prohibiting retaliation, declaratory relief and fees and costs.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following:

A. Declaratory relief that Defendant's policies and practices as applied violated ADA Title III, § 504, and § 12203.

B. Injunctive relief requiring Defendant to:

1. Adopt and implement a reasonable-modification policy providing short, scripted de-escalation steps for disability-flagged interactions (e.g., brief pause, calm tone, quieter space if feasible).

2. Train branch staff and maintain written guidance on recognizing and responding to mental-health accommodation requests, with posted notice of availability.

3. Provide quarterly written reports to Plaintiff for 12 months summarizing training completion rates, responses to complaints and accommodation requests processed under the policy.

C. Compensatory damages under § 504 (economic/equitable only).

D. Costs and reasonable attorney's fees as authorized by statute.

E. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable (including Count II).

## IX. § 1746 VERIFICATION

I, Steven Ward James, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on OCTOBER 14, 2025.

RESPECTFULLY submitted,

Steven W. James
1239 W 700 S
Salt Lake City, UT 84104
(412) 719-4497
stevenwardjames@gmail.com
Pro se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 14, 2025, I served a copy of this Second Amended Complaint via email upon the counsel of record for Defendant Zions Bancorporation, N.A. d/b/a Zions Bank:

MacKenzie Cannon
Dorsey & Whitney LLP
cannon.mackenzie@dorsey.com

Steven W. James
stevenwardjames@gmail.com
Pro se Plaintiff