**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **STEVEN WARD JAMES,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ZIONS BANCORPORATION, d/b/a ZIONS BANK,**<br><br>**Defendant.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 2:25-cv-00031**<br><br>**District Court Judge Howard C. Nielson**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter is before Magistrate Judge Dustin B. Pead pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Howard C. Nielson.[1]

Pro se Plaintiff Steven Ward James ("Mr. James" or "Plaintiff") was permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 ("IFP Statute").[2] Mr. James initiated this action on January 13, 2025, when he filed his initial pleading.[3] On February 25, 2025, Defendant Zions Bancorporation ("Zions Bank" or "Defendant") filed its first Motion to Dismiss Plaintiff's complaint.[4] Immediately thereafter, Mr. James filed an amended complaint.[5] As a result, on March 20, 2025, Defendant filed a second Motion to Dismiss seeking dismissal of Plaintiff's amended complaint.[6]

[1] ECF No. 6, Docket Text Order Referring Case.

[2] ECF No. 8, Order Granting Motion For Leave To Proceed In Forma Pauperis.

[3] ECF No. 1, Complaint; *see* 42 U.S.C. § 12101.

[4] ECF No. 19, Motion to Dismiss.

[5] ECF No. 20, Amended Complaint.

[6] ECF No. 27, Motion to Dismiss Amended Complaint.

On April 21, 2025, this court issued a Report and Recommendation granting Zions Bank's second motion to dismiss and affording Mr. James an opportunity to file a second amended pleading.[7] Mr. James' objected to the Magistrate's Report, but the District Court overruled Plaintiff's objections.[8] On October 14, 2025, Mr. James filed his second amended complaint seeking injunctive and declaratory relief under Title III and Title V of the Americans with Disabilities Act ("ADA") and § 506 of the Rehabilitation Act.[9]

Currently pending before the court is Defendant Zion Bank's Motion to Dismiss Plaintiff's Second Amended Complaint.[10] For the reasons set forth below, the court recommends granting Zions Bank's motion.

## STANDARD OF REVIEW

### I. Legal Standard for Pro Se Plaintiff

Mr. James proceeds pro se. As such, the court reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[11] While making allowances for "failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements,"[12]

---

[7] ECF No. 33, Report and Recommendation.

[8] ECF No. 37, Objection; ECF No. 43, Docket Text Order Adopting Magistrate's Report and Recommendation.

[9] ECF No. 44, Second Amended Complaint.

[10] ECF No. 19; ECF No. 27.

[11] *Trackwell v. United States,* 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).

[12] *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted)).

the court will not construct arguments on Plaintiff's behalf and Plaintiff must comply with "the same rules of procedure that govern other litigants."[13]

## II. Legal Standard for Motion to Dismiss Failure to State a Claim and the IFP Statute

A party moving to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is asserting the defense of "failure to state a claim upon which relief can be granted."[14] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[15] A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief."[16] Although the factual allegations of the complaint need not be detailed, they must contain more than a "formulaic recitation of the elements of a cause of action"[17] and conclusory statements are "not entitled to be assumed true."[18] Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19]

---

[13] *Serna v. Irvine,* 2023 U.S. Dist. LEXIS 33171, at *4 (D. Colo. Feb. 28, 2023) (citation omitted); *see also Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[14] Fed. R. Civ. P. 12(b)(6).

[15] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[16] *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir. 2009).

[17] *Ashcroft,* 556 U.S at 678 (quoting *Bell,* 550 U.S. at 555).

[18] *Id.* at 664.

[19] *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).

The IFP Statute contains language that mirrors Rule 12(b)(6). Specifically, the statute provides that whenever the court authorizes a plaintiff to proceed without payment of fees under the IFP Statue, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[20] In determining whether a complaint fails to state a claim under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6).[21]

## BACKGROUND

At the motion to dismiss stage, the court accepts as true all of Plaintiff's well-pleaded factual allegations and views them in a light most favorable to Mr. James.[22] While some specificity is added, the factual allegations set forth in Plaintiff's second amended complaint remain generally similar to those alleged in Mr. James' prior pleadings.[23]

Mr. James' lawsuit arises from circumstances surrounding his November 5, 2024 attempt to withdraw $50.00 from his account at the Seventh East, Salt Lake City branch of Zions Bank.[24] Mr. James presented a digital version of identification to bank staff.[25] Zions Bank refused to complete the transaction asserting bank policy required Mr. James to present physical identification.[26] Bank Manager Wendy Andrade ("Ms. Andrade") was "summoned" to join the

---

[20] 28 U.S.C. § 1915(e)(2)(B)(ii).

[21] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. Sept. 11, 2007).

[22] *Complete Merch. Sols., LLC v. Davis,* 2024 U.S. Dist. LEXIS 223875, at *2 (D. Utah Dec. 10, 2024)

[23] *See generally* ECF No. 1, Complaint ; ECF No. 20, Amended Complaint..

[24] ECF No. 44 at ¶ 8, Second Amended Complaint. Of note, Mr. James' earlier complaints allege the events at issue occurred on November 6, 2024. *See* ECF No. 1, Complaint; ECF No. 20, Amended Complaint.

[25] *Id.*

[26] *Id.* at ¶ 9.

conversation between bank staff and Mr. James, and Ms. Andrade escalated the interaction through "her tone and manner."[27]

At this point, Mr. James asked what mental health accommodations Zions Bank provided, but "[b]efore Plaintiff could describe the needed de-escalatory accommodation, Ms. Andrade replied, 'we don't do that'" and directed Plaintiff to Defendant's website.[28] Ms. Andrade refused further discussion with Mr. James and threatened to close his bank account.[29] As explained by Plaintiff, a de-escalation accommodation is a "short, low-cost procedural modification---such as a brief pause, calm tone, or if feasible, conversation in a quieter space [ ] to allow self-regulation before continuing the interaction."[30]

After the interaction, Mr. James left the bank and went to his car where he located his valid temporary paper driver's license.[31] Plaintiff, however, did not re-enter the bank with his physical identification for fear of "exacerbat[ing . . .] the symptoms of his disabilities."[32] Sometime thereafter, Mr. James filed a complaint with the Office of Zions Bank's President.[33]

The behavior of Zions Bank employees has "chilled [Mr. James'] intent to return to the bank" and since this incident occurred Plaintiff has been using other banking institutions "out of

---

[27] *Id.* at ¶ 10.

[28] *Id.* at ¶ 11.

[29] *Id.* at ¶¶ 11, 12.

[30] *Id.*

[31] *Id.* at ¶ 13

[32] *Id.*

[33] *Id.* at ¶ 14.

necessity."[34] Mr. James intends to return to the Zion Bank's Seventh East location "within 60 days after implementation of a de-escalation policy and training program."[35]

## DISCUSSION

This is the third iteration of Mr. James' complaint.[36] Unfortunately, Plaintiff's second amended complaint suffers from many of the same problems as his first two filings.[37] Similar to his amended pleading, Mr. James' second amended complaint seeks injunctive and declaratory relief for violations of Title III and Title V of the ADA and § 504 of the Rehabilitation Act.[38]

### I. Plaintiff Fails To State A Claim For Failure to Accommodate Under The ADA

Mr. James' first cause of action for failure to accommodate under Title III of the ADA fails to state a claim under Federal Rule 12(b)(6).[39] Title III protects individuals against discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[40] To state a claim, Mr. James must allege:

1) he is disabled within the meaning of the ADA;
2) Defendant owns, leases, or operates the place of public accommodation;

---

[34] *Id.* at ¶ 18.

[35] *Id.*

[36] ECF No. 44.

[37] ECF No. 1, Complaint; ECF No. 20, Amended Complaint; ECF No. 44, Second Amended Complaint. As appropriate, the court incorporates its prior discussion of Plaintiff's claims as set forth in its April 21. 2025 Report and Recommendation as affirmed by Judge Nielson. *See* ECF No. 33, Report and Recommendation; ECF No. 43, Docket Text Order.

[38] ECF No. 44.

[39] Fed. R. Civ. P. 12(b)(6).

[40] 42 U.S. C. § 12182(a).

3) he was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and
4) Defendant failed to make reasonable modifications that would accommodate his disabilities without fundamentally altering the nature of the public accommodation.[41]

For purposes of this motion, Defendant admits that Mr. James plausibly alleges a disability and that Zions Bank is a place of public accommodation.[42] Plaintiff's claim fails, however, because he does not allege he was denied access to Zion Bank's services on the basis of his disability.

### A. Mr. James Does Not Allege Deprivation Of Goods And Services Based On His Disability

The ADA does not create an automatic right of access and Defendant is not required to provide services to its customers without restrictions. While Zions Bank is a place of public accommodation, there is no absolute right to access banking and Defendant's decision not to accept Plaintiff's digital identification is not specific to Mr. James. Defendant's policy requires all patrons to provide a physical form of identification when seeking to withdraw funds. Here, Plaintiff asserts Zions Bank denied him access to his bank account and refused to provide accommodations. Yet based on Mr. James own factual account of the incident, this is incorrect. Rather, Mr. James was unable to withdraw funds from his account because he failed to show any physical identification---an issue that had nothing to do with Mr. James' disability or with Defendant's alleged failure to provide his with a "de-escalation measure" accommodation.

---

[41] *Hopkins v. Intermountain Healthcare & Subsidiaries,* 2022 U.S. Dist. LEXIS 73481, at *5-6 (D. Utah 2022).

[42] ECF No. 52 at 16. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1).

Thus, because Mr. James was not deprived of the goods and services offered by Zions Bank based on his disability, the court recommends that his claim for discrimination under Title III of the ADA be dismissed for failure to state a claim.

## II. Plaintiff Fails To State A Claim For Retaliation Under The ADA

Mr. James' third cause of action alleges retaliation under Title V of the ADA.[43] Title V prohibits retaliation for the assertion of ADA rights such that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge. . . under this act."[44] To prevail on a claim for retaliation, Plaintiff must allege he engage in protected activity, was subject to an adverse action that produced an actual injury or harm, and there was a causal connection between his opposition and the retaliation.[45]

Specifically, Title V does not protect against all retaliation, but "from retaliation that produces an injury or harm." [46] Here, Plaintiff's claim fails because he does not establish actual harm. While Mr. James asserts Defendant threatened to close his bank account, he does not allege that Zions Bank actually did so. Similar to Plaintiff's earlier pleadings, there is no allegation that Defendant deprived Plaintiff of his ability to maintain Zions Bank account or

---

[43] ECF No. 44. Mr. James' second amended complaint pleads claims in the following order: (1) discrimination in public accommodations under Title II of the ADA; (2) disability discrimination under Section 504 of the Rehabilitation Act; and (3) Retaliation under Title V of the ADA. *See id.* The court addresses Plaintiff's ADA claims consecutively and accordingly the Report and Recommendation considers Count III before Count II.

[44] 42 U.S.C. §12203(a).

[45] *See White v. Kan. Dep't. of Corrections,* 2010 U.S. Dist. LEXIS 101911, at *15 (D. Kan. 2010); *Hennagir v. Utah Dept. of Corr.,* 587 F.3d 1255, 1265 (10th Cir. 2009).

[46] *Hennagir,* 587 F.3d at 1266.

stopped Mr. James from having access to his bank account other than in a manner consistent with Zions Bank policies and procedures applicable to all customers.[47] Any decision Mr. James has made to "divert resources" or utilize other banking institutions, remains his own.[48] As a result, Mr. James fails to state a claim for retaliation under Title V and the court recommends dismissal of Count III.

### III. Plaintiff Fails To State A Claim Under Section 504 Of The Rehabilitation Act

Finally, Count III of Mr. James' amended complaint asserts a claim for violation of Section 504 of the Rehabilitation Act.[49] Under Section 504, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[50] Section 504 is "intended to ensure that an otherwise qualified handicapped individual [is] provided with meaningful access to the benefit that the grantee offers . . . ."[51]

To allege discrimination under Section 504, Plaintiff must show: (1) he is a qualified individual within the meaning of the statute; (2) he is otherwise qualified for the benefit sought; and (3) such exclusion, denial of benefits, or discrimination is solely by reason of his disability.[52]

---

[47] *See White,* at *17.

[48] ECF No. 44 at ¶ 17.

[49] 29 U.S.C. § 794.

[50] *Id.*

[51] *Barber v. Colorado,* 562 F.3d 1222, 1229 (10th Cir. April 15, 2009) (quoting *Alexander v. Choate,* 469 U.S. 287, 301, 105 S. Ct. 712, 83 L. Ed. 2d 661 (1985)).

[52] *Cohon v. State Dept. of Health,* 646 F.3d 717, 725 (10th Cir. 2011) (citing *Johnson by Johnson v. Thompson,* 971 F.2d 1487, 1492 (10th Cir. 1992)); *Romero v. Weld Cnty. Sheriff's Office,* 2021 U.S. Dist. LEXIS 267224, at * 8 (D. Colo. March 12, 2021) ("because [Section 504 and Title II of the ADA] involve the same substantive standards, [courts] analyze them together.").

Similar to Plaintiff's ADA claims, Defendant concedes that Mr. James plausibly alleges a qualifying disability under the Rehabilitation Act. However, because Mr. James fails to allege he suffered discrimination solely on the basis of his disability, he fails to state a claim for violation of Section 504.

**A. Plaintiff Does Not Allege Discrimination Solely Based On Disability**

To show he was excluded or denied a benefit, Mr. James must allege the exclusion was based "solely" on his disability.[53] The word "solely" provides the key to this analysis as "the discrimination must result from the handicap and from the handicap alone."[54]

As discussed in conjunction with Mr. James' ADA claim, Plaintiff does not allege Zions Bank took any action because of his disability and he does not identify any benefit or service he was denied because of Defendant's conduct. Mr. James' does not allege his banking account is closed or that he is prohibited from doing business at Zions Bank. Moreover, to the extent Mr. James alleges Zions Bank failed to provide "de-escalatory accommodations" his allegations appear at odds.[55] On one hand, in the context of available ADA accommodations, Mr. James alleges Ms. Andrade told him "[w]e don't do that," while on the other hand he alleges he was never allowed to request the de-escalatory accommodation needed.[56] Nonetheless, it is not necessary to address this incongruity because Mr. James does not identify any discrimination based only on his disability. Rather, as discussed above, any exclusion stems from Mr. James' attempt to use digital identification and there is no accommodation Defendant could provide which would overcome Plaintiff's failure to produce proper identification.

---

[53] 29 U.S.C. § 794(a).

[54] *Johnson*, 971 F.2d at 1493.

[55] ECF No. 44 at ¶¶ 9, 11.

[56] *Id.* at ¶ 11.

As a result, Mr. James does not allege he was discriminated against based solely on his disability and the court recommends Plaintiff's Count II, alleging discrimination under Section 504 of the Rehabilitation Act, be dismissed for failure to state a claim.

**RECOMMENDATION**

For the reasons set forth above, the Magistrate Judge RECOMMENDS that Defendants' third Motin to Dismiss be GRANTED and that this action be DISMISSED WITH PREJUDICE.[57]

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[58] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de

---

[57] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (explaining that dismissal with prejudice is appropriate where a plaintiff's amended pleadings fail to cure the deficiencies in his claims); *Creamer v. Washburn L. Sch.*, No. 19-CV-2044-CM-TJJ, 2019 WL 2647682, at *3 (D. Kan. Apr. 24, 2019) ("Plaintiff has already filed an Amended Complaint that also fails to state a claim upon which relief may be granted, so it appears it would be futile to allow Plaintiff to amend her complaint again."), *report and recommendation adopted*, No. 19-2044-CM-TJJ, 2019 WL 2646660 (D. Kan. June 27, 2019); *Carey v. Avis Budget Car Rental, LLC*, No. 13-CV-0326-CVE-FHM, 2013 WL 5744754, at *7 (N.D. Okla. Oct. 23, 2013) ("Plaintiff has previously been given leave to amend her complaint. Plaintiff's amended complaint, like her original complaint, fails to state a claim. The Court finds that granting plaintiff leave to amend her complaint a second time would be futile.").

[58] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

novo review by the district court of for appellate review."[59] Failure to object may constitution waiver of the objections upon subsequent review.

DATED: February 12, 2025.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge

[59] *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).